STATE OF SOUTH DAKOTA ) IN CIRCUIT COURT
) SS
COUNTY OF SHANNON ) SEVENTH JUDICIAL CIRCUIT

CIV. NO. 07-19

Fall River County, SD
FILED
IN THE CIRCUIT COURT
FEB 0 5 2007
Carol E. Foster, Clerk
By_____ Deputy

| | |
|---|---|
| ELLAURIA LITTLE HAWK, SPECIAL ADMINISTRATOR OF THE ESTATE OF STANLEY T. LITTLE HAWK, JR., DECEASED, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
| LLOYD A. MCPHERSON, MD and GREGORY L. MORFORD, MD, | )<br>)<br>) |
| Defendants. | ) |

COMES NOW the Plaintiff, ELLAURIA LITTLE HAWK, SPECIAL ADMINISTRATOR OF THE ESTATE OF STANLEY T. LITTLE HAWK, JR., DECEASED, by and through her attorney of record, and for her causes of action against the Defendants, LLOYD A. MCPHERSON, MD, and GREGORY L. MORFORD, MD, both jointly and severally, and states and alleges, as follows:

## JURISDICTION

1. Plaintiff, Ellauria Little Hawk, is a daughter of Stanley T. Little Hawk, Jr., Deceased, and was appointed Special Administratrix of the Estate of Stanley T. Little Hawk, Jr., Deceased, by the above captioned court on January 24, 2006, and she is a resident of Pine Ridge, Shannon County, South Dakota.

2. Plaintiff is authorized under the laws of the state of South Dakota to bring this action in order to protect the rights of the Decedent's family and seek relief from the Defendants through this action.

1

3. At all times material to this litigation Defendants LLOYD A. MCPHERSON, MD, and GREGORY L. MORFORD, MD, were physicians practicing medicine at the Indian Health Service Hospital in Pine Ridge, Shannon County, South Dakota.

4. That this court has personal jurisdiction and subject matter jurisdiction over the parties to these proceedings and in as much as the events which are the subject matter of this litigation all occurred in Shannon County, South Dakota, venue is proper in Shannon County, South Dakota.

## FACTUAL ALLEGATIONS

5. On August 18, 2005, Defendant McPherson undertook to provide medical care and treatment of Plaintiff's Decedent, Stanley T. Little Hawk, Jr., a 47 year old male, at the Emergency Room of the Indian Health Service Hospital at Pine Ridge, South Dakota, for complaints of chest pains - with pain radiating down both arms.

6. Following the medical care by Defendant McPherson, Little Hawk was released and permitted to return home.

7. On August 22, 2005, Defendant Morford undertook to provide medical care and treatment of Plaintiff's Decedent at the Emergency Room of the Indian Health Service Hospital at Pine Ridge, South Dakota, for complaints of chest tightness, epigastric pain, and jaw pain.

8. Following the medical care by Defendant Morford, Little Hawk was released and permitted to return home.

9. Only six (6) hours later during the early morning of August 23, 2005, Little Hawk returned to the Emergency Room of the Indian Health Service Hospital at Pine

Ridge, South Dakota, by ambulance in cardiac arrest.

10. Upon arrival at the hospital, medical staff intubated Little Hawk but after several injections of various heart stimulation medications, he was pronounced dead that morning.

11. Little Hawk is survived by his children, namely:

| | | |
|---|---|---|
| Ellauria M. Little Hawk | daughter | Adult |
| Jeffery C. Hard Heart | son | Adult |
| Monica R. Anderson | daughter | Adult |
| Sarah P. Hard Heart | daughter | age 13 |
| Joshua T. Little Hawk | son | age 12 |

12. Prior to his death, Little Hawk was employed by the Oglala Sioux Tribal Housing Authority in Pine Ridge, South Dakota, and was the sole financial support for his family, all of whom lived with him, except his daughter Monica, who lived in the eastern part of the state of South Dakota.

## FIRST CAUSE OF ACTION
## WRONGFUL DEATH

13. Plaintiff realleges paragraphs 1 through 12, inclusive, herein by reference.

14. At all times material Defendants McPherson and Morford owed a duty of reasonable care to Little Hawk to possess and use that knowledge, care and skill that is generally possessed and used in similar cases and circumstances by physicians having similar standards and facilities.

15. Defendants McPherson and Morford, both jointly and severally, were negligent and breached their duties to Little Hawk in one or more of the following ways:

   (a) Failing to acquire an adequate medical history;

   (b) Failing to conduct adequate physical examinations;

(c) Failing to keep abreast of current medical and scientific diagnostic tests and studies and medical literature containing diagnosis and treatment for the medical condition, symptoms and problems manifested by Little Hawk while under their care;

(d) Failing to properly examine, perform diagnostic tests on, monitor or treat Little Hawk's medical history, symptoms and complaints;

(e) Failing to generate an appropriate differential diagnosis;

(f) Failing to properly, adequately and correctly interpret diagnostic tests;

(g) Failing to seek adequate medical consultation from specialists within the fields of medicine for any differential diagnosis;

(h) Failing to properly prescribe an appropriate course of treatment so as to allow Plaintiff's Decedent the benefit and potential of a full and complete recovery from his illness;

(i) Failing to maintain Plaintiff's Decedent under proper medical care;

(j) Failing to refer Little Hawk to another medical facility with the capability, staffing and experience to render proper care consistent with the severity of his illness; and

(k) Otherwise being negligent and subjecting Little Hawk to substandard medical care under all the circumstances then and there existing.

16. As a direct and proximate result of Defendants' negligence and breach of applicable standards of care, both jointly and severally, Little Hawk was caused to suffer cardiac injury and cardiac arrest resulting in his untimely death.

17. As a direct and proximate result of Defendants' negligence and breach of applicable standards of care, both jointly and severally, Plaintiff, and the heirs of Little Hawk, have been deprived of the services, comfort, support, counsel, guidance, aid, instruction, moral training, superintendence, society, love, affection and inheritance of Decedent, all to their detriment and to the damage and detriment of Decedent's estate.

18. As a further direct and proximate result of Defendants' negligence and breach of applicable standards of care, both jointly and severally, Plaintiff has incurred expense for Little Hawk's funeral and burial.

## SECOND CAUSE OF ACTION
## SURVIVAL CLAIM

19. Plaintiff realleges paragraphs 1 through 18, inclusive, herein by reference.

20. As a direct and proximate result of Defendant's negligent acts and breach of applicable standards of care, both jointly and severally, Plaintiff's Decedent experienced pain and suffering, mental anguish, suffered a rapid decline in his medical condition and other personal injuries in the days following his initial medical examination and on the day of his death on August 23, 2005.

WHEREFORE: Plaintiff, Ellauria Little Hawk, Special Administrator of the Estate of Stanley T. Little Hawk, Jr., Deceased, prays judgment against Defendants, LLOYD A. MCPHERSON, MD, and GREGORY L. MORFORD, MD, both jointly and severally, as follows:

1. With respect to the Wrongful Death Claim:

    A.  for the tangible and intangible pecuniary losses suffered by Decedent's children and next of kin;

    B.  for the funeral and burial expenses incurred;

    C.  for prejudgment interest;

    D.  for Plaintiffs' costs and disbursements.

2. With respect to the Survival Claim:

    A.  for the conscious pain and suffering experienced by Little Hawk prior to his death;

   B.   for the medical and hospital costs incurred;

   C.   for prejudgment interest; and

   D.   for Plaintiffs' costs and disbursements.

3. For such other and further relief as to the court seems just and equitable.

Dated this 2nd day of February, 2007.

JOHNSON EIESLAND LAW OFFICES, P.C.

By: _____
Kenneth R. Dewell
4020 Jackson Boulevard
P.O. Box 6900
Rapid City, SD 57709-6900
(605) 348-7300
(605) 348-4757 (Fax)
*Attorneys for Plaintiff*